FILED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

21 NOV 29  PM 2: 32

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

| | |
|---|---|
| GREGORY ROYAL, §<br>§<br>Plaintiff, §<br>§<br>v. §<br>§<br>COBRA LEGAL SOLUTIONS LLC, §<br>§<br>Defendant, individually and jointly, §<br>§<br>§<br>PAULA DIAZ, §<br>§<br>Co-Defendant, individually and jointly, §<br>§<br>(Other individuals to be discovered and named §<br>during discovery in this proceeding as §<br>co-defendants, individually and jointly). §<br>§<br>§ | Case No.: 21 CV 1079 LY<br><br><br><br><br>Date: 29 November 2021 |

## VERIFIED COMPLAINT

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

I, <u>Gregory Royal</u>, make my declaration in support of my Verified Complaint against

Cobra Legal Solutions LLC, and Paula Diaz (Cobra Legal Solutions LLC and Paula Diaz

hereinafter referred to, by their individual names, or collectively as "Defendants" or "Cobra

Legal Solutions").

1.    Plaintiff Gregory Royal, proceeding *pro se*, brings this action pursuant to Title VII of the

Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*., and 42 U.S.C. § 1981.

2.    Plaintiff Gregory Royal brings his action to remedy acts of employment discrimination,

harassment, and retaliation based upon his opposition conduct and race, defamation *per se*, and

1
The Plaintiff respectfully requests discovery and a trial by jury.

intentional infliction of emotional distress, each individually perpetrated against him by Defendants, individually, severally, or jointly.

## Jurisdiction

3.      Subject Matter jurisdiction is conferred on this Honorable Court by, inter alia, Title 28 U.S.C. § 1331, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.*, and 42 U.S.C. § 1981.

4.      Venue is proper in the Western District of Texas pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claim occurred in the Western District of Texas.

## Parties

5.      At all times material, Plaintiff Gregory Royal was and is a resident of the state of Texas, having his residence located at 8100 N. Mopac Expy., Apt. 277, Austin, Texas 78759.

6.      At all times material, Defendant Cobra Legal Solutions LLC (hereinafter "Cobra Legal Solutions" or collectively with other Defendants as "Defendants") operated its headquarters in the state of Texas, located at 1717 W. 6th Street, # 112, Austin, TX 78703 (telephone: 1-512-474-2366).

7.      At all times material, Defendant Cobra Legal Solutions (hereinafter "Cobra Legal Solutions" or collectively with other Defendants as "Defendants") operated its local office in the state of Texas, located at 8501 N. Mopac Expy., Austin, TX 78759 (telephone: 1-512-474-2366).

8.      At all times material, Defendant Paula Diaz, Project Support, (hereinafter "Diaz" or collectively with other Defendants as "Defendants") was employed at Cobra Legal Solutions, conducted her business within the state of Texas, committed torts and violations of Title VII and Section 1981 against Plaintiff in the state of Texas, and is believed to be a resident of the state of Texas.

2

The Plaintiff respectfully requests discovery and a trial by jury.

### Statement of Facts

9.    Discovery is necessary and hereby requested.

10.    Plaintiff Gregory Royal makes each and every one of the following allegations on personal observation and information, credible evidence, and with a good-faith basis and belief.

11.    Plaintiff hereby incorporates, references, realleges each and every paragraph of his EXHIBIT A – Gregory Royal v. Cobra Legal Solutions LLC – EEOC San Antonio Complaint, EEOC No. 451-2021-00523, in their entirety, as though fully set forth herein.

12.    Cobra Legal Solutions merely concocted up false accusations and misrepresentations of truth in its attempt to state a lawful basis for its discrimination, harassment, and retaliation against me.  Cobra Legal Solutions discriminated, harassed, and retaliated against me because of my race and for filing complaints based on Title VII, 42 U.S.C. § 1981, etc., against Integreon, Inc., etc.

13.    Any voicemails left and made by me to Cobra Legal Solutions were committed after a deluge of discriminatory and retaliatory acts violating Title VII and Section 1981—as well as commissions of intentional torts by Cobra Legal Solutions and its agent Paula Diaz.

**I.    Title VII Protected Plaintiff's Opposing Defendants' Discrimination and Retaliation Via Voicemail(s) and Plaintiff's Race and Age were Discoverable/Verifiable Via the World Wide Web at All Times Material, after Plaintiff Revealed His Age and Race to Decision-Maker Paula Diaz on or about September 2019**

14.    Put under the proper lens of the goals, spirit, and protections of Title VII, Defendants' position and argument only shows and proves that Defendants has and continues to retaliate against Plaintiff for having engaged in opposition conduct that is protected under Title VII at all

times material.  Racism, racial discrimination, and retaliation in employment matters must be gleaned from the facts and temporal events surrounding the controversy.[1]

15.     Appreciation must be given to the fact that for Electronic Discovery Document Review (Document Review), candidates are not competing for one or a few (at most positions). Document Review projects often require a plurality of document reviewers (often attorneys but sometimes attorneys and law students having a JD degree).  The plurality of document reviewers often ranges from 20 to 50 or more positions and persons.

16.     Defendants attempts to mislead and defraud the EEOC into a mistaken belief that Plaintiff competed for a single position ("**one of these positions**") or a few positions at a maximum for a single Document Review project—which is absolutely dishonest and false.

17.     At all times material, the Document Review projects that Defendants denied Plaintiff's job applications (his resume) equal employment opportunities and consideration require a plurality of document reviewers in number from 20 to and greater than 50 reviewers.

18.     Defendants sent out regular job notices to non-Black/non-African American document review candidates using Cobra Legal Solutions but removed Plaintiff from said mailing list.

19.     At all times material, Defendants—acting with their racist animus—removed Plaintiff from said mailing list because of his prior Title VII opposition conduct and African American/Black race.

20.     Defendants removed Plaintiff from said mailing list—*i.e.,* its job notification list—before Plaintiff—allegedly—left any message on Paula Diaz's voicemail.

---

[1]  Defendants has not refuted the temporal events and facts showing and proving Defendants's first discrimination and retaliation and subsequent deliberate indifference.  Ineffectively, Defendants puts a buggy before a horse, which is refuted by facts and reason that show and prove—at least—Defendants has and continues to retaliate against Plaintiff based on Complaint's Title VII opposition conduct.

The Plaintiff respectfully requests discovery and a trial by jury.

21.     Defendants repeatedly denied Plaintiff's job applications (his resume) equal employment opportunities by refusing to forward Plaintiff's resume to Defendants' client law firms for consideration and selection.

22.     The hiring and selection process for electronic document review often works by Defendants first selecting candidates and thereafter submitting the selected candidates to the law firm or law firms for a final approval for placement on the Document Review project.

23.     At all times material, Plaintiff possessed greater than three (3) years of Document Review experience, and he possessed job qualifications and experience far greater than a minimum of 90 percent of candidates selected over Plaintiff because he possessed legal and technical experience within the projects' and legal dispute's field or industry.  But the Defendants was motivated by its racist animus and intent to retaliate and punish Plaintiff as a reprisal for his Title VII opposition conduct.

24.     Further, job applications/resumes are not repeatedly sent by job candidates to the Defendants after a first or initial resume is provided.  Instead, Defendants places the potential Document Review candidates into its notification pool (email list).  Any candidate who is available for a project may send an email to Defendants notifying it that he or she is available for Document Review project work.

25.     If a Document Review project requires electronic document reviewers, Defendants notify the candidate of his or her upcoming placement and start date.

26.     Alternatively, more often, the Defendants sends out a mass email to the plurality of candidates previous placed into its notification pool (or email list) requesting that whoever is available for project work responds.

27.     Defendants discriminated against Plaintiff by failing to place him into its notification pool (or email list) or removing him from the same.  Defendants forced Plaintiff to learn about

The Plaintiff respectfully requests discovery and a trial by jury.

upcoming Document Review projects from others whom the Defendants sent Document Review project availability.

28.     In response to Plaintiff sending Defendants notice of his availability, Defendants chose to remain deliberately indifferent to Plaintiff's email and telephone communications.

29.     Defendants' repeated deliberate indifference and discrimination and retaliation forced Plaintiff to make and leave the voicemail, which Defendants attempts to misrepresent and mischaracterize to cheat and defraud the EEOC.

### A.     Defendants' Evidence of a Voicemail Left by Plaintiff to Defendants' Agent Demonstrates that Defendants Had Denied Complaint Job Positions Prior to Plaintiff's Voicemail—a Lawful Conduct

30.     Defendants admits that it retaliated and continues to retaliate against Plaintiff based on his opposition conduct of a voicemail which is protected by Title VII at all times material.  Title VII protects conduct opposing retaliation or discrimination in employment that is not unlawful. *McDonnell Douglas v. Green* (citation omitted).

31.     Because Plaintiff's voicemail opposing Defendants repeatedly denying him job selections for multiple projects **was at all times material lawful,** Defendants denying Plaintiff job selections—repeatedly—after the voicemail constitutes retaliation and or discrimination which is a Title VII violation.

32.     An ordinary person having a reasonable mind would easily discern that the motivation for Plaintiff having made and left such a voicemail is his frustration with having repeatedly been (1) denied for Document Review projects and (2) deliberately ignored after his attempts for communication by the Defendants.

33.     The voicemail is not to considered and viewed in a vacuum, as Defendants argues.  At the very least, the voicemail shows and proves two relevant facts (1) the voicemail comprises Plaintiff's Title VII opposition conduct against the Defendants' discrimination and retaliation,

and (2) Defendants has admitted that it has retaliated and discriminated against Plaintiff based on his lawful opposition conduct—*i.e.* voicemail—which is protected by Title VII, at all times material.

34.     Even if Plaintiff is or was wrong in his charge that Defendants discriminated and retaliated against him prior to his voicemail, Title VII prohibits Defendants from taking adverse action or retaliating against Plaintiff. (Citation omitted).  Defendants, however, via its position statement has admitted—indirectly—that it has and continues to discriminate against Plaintiff.

> **B.     Defendants' Arguments that It Did Not and Could Not Have Known Plaintiff's Race and Age are Out of Touch with Today's Social Media Culture, and Defendants' Agents Knew Plaintiff's Race and Age Prior to Denying Plaintiff's Job Applications Equal Employment Opportunities and Consideration because Plaintiff Revealed His Race and Age to Paula Diaz on or about September 2019**

35.     During the 2019 telephone interview between Defendants' decision-maker Paula Diaz and Plaintiff, as Plaintiff disclosed his prior work history to Ms. Diaz, Plaintiff also disclosed his age and race to Ms. Diaz.

36.     Moreover, Defendants' argument that it could not have known Royal's race and age **is absurd, false, and out of touch** with today's social media culture.

37.     Ordinary persons having reasonable minds would likely find that Defendants' agents simply searched the World Wide Web (WWW) for Plaintiff's full name to discover his race and age prior to Defendants denying him the job selections.

38.     Evidence of this reasonable conclusion is that Defendants deceitfully failed to provide any reasonable basis for—repeatedly—denying Plaintiff placements on electronic Document Review projects.

39.     Regarding the—purported—relevant time period of March 1, 2020 through March 31, 2020, Plaintiff's voicemail comprising his Title VII opposition conduct shows and proves: (1)

Defendants' retaliation against Plaintiff's opposing its Title VII violations, and (2) provided Defendants with Plaintiff's race and age as a basis of its Title VII violations and Complaint's opposition conduct.[2]

40.     Defendants should not be allowed to purport that it was not aware of Plaintiff's race and age in light of Plaintiff's voicemail, which the ordinary person would likely find provoked Defendants' agents to search the WWW for Plaintiff's race and age.

**II.     Defendants' Ms. Diaz Interviewed Royal Via a Telephone Interview, the Defendants and Its Attorney Deceitfully and Deliberately Misrepresents this Truth, and Defendants Cannot and Has Failed to Show and Prove that Plaintiff Did Not Have a "Reasonable Belief" that Defendants Denying Him Job Placements Violated Title VII**

41.     SCOTUS case precedent—*McDonnell Douglas v. Green* (citation omitted)—controls that the Defendants cannot discriminate or retaliate against Plaintiff for his voicemails, because his voicemails are not unlawful.  Section 704(a) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a), in pertinent part provides, "It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment . . . because he has opposed any practice made an unlawful employment practice by this subchapter. . . ." *McDonnell Douglas v. Green* (citation omitted).

42.     Being disingenuous if not deceitful, Defendants admits that **Plaintiff left multiple voicemails at different times** but has submitted only one voicemail—only the one that purportedly supports the Defendants.

43.     Defendants should be compelled to submit all voicemails left by Plaintiff to Ms. Diaz.

---

[2] Defendants attempts to characterize **the tone** of Plaintiff's voicemail as a—purported—basis for it denying Plaintiff placement on the Document Review projects **repeatedly**.  But Title VII protects Plaintiff's voicemail as proper opposition conduct because **Plaintiff's voicemail is not unlawful**. *See McDonnell Douglas v. Green* (citation omitted).

44.     The Thu 9/5/2019 2:19 PM email shows and proves that Defendants, its decision-maker
Paul Diaz, and its counsel Steven H. Garrett, Boulette Golden & Marin L.L.P. act with
discriminatory animus to be disingenuous—if not extremely deceitful and dishonest.

45.     Absolutely, there was an interview between Paula Diaz and Plaintiff wherein he informed
Ms. Diaz of his race as an African American and age.

46.     Plaintiff did so to explain his work history and to provide Ms. Diaz with a complete and
full appreciation of his work ethic and character.

47.     Prior to the relevant time period and Defendants' denying Plaintiff job placement on the
Document Review project, Plaintiff left multiple voicemails for Ms. Diaz, but she remained
deliberately indifferent to Plaintiff's voicemails.

48.     Ms. Diaz chose to ignore Plaintiff's attempts to conference with her regarding upcoming
Document Review projects and Defendants' repeated non-selections albeit Plaintiff was very
well qualified for the projects.

49.     Defendants via Ms. Diaz refused to submit Plaintiff's resume to its law firm clients—
repeatedly.

50.     Disparate Treatment: Defendants' unlawful hiring process comprises its disparate
treatment between non-Blacks and Blacks by hiring White and non-Blacks who were—at all
times—material less qualified than Plaintiff.

51.     Choosing to discriminate and retaliate against Plaintiff, Defendants staffed Whites and
non-Blacks who possessed less document experience and who possessed background outside of
the industry and fields of the legal dispute of the Document Review project.

52.     Defendants chose to discriminate against Plaintiff via exclusion by requiring electronic
document reviewers to possess a Texas Bar license.

The Plaintiff respectfully requests discovery and a trial by jury.

53.     Defendants hired law students having a J.D. degree who were not licensed to practice law in any jurisdiction or state, but Defendants did not offer not hire Plaintiff for the same job(s).

**III.     On or about July 2021 and August 2021, Defendants Continued Its Discrimination, Harassment, and Retaliation against Plaintiff**

54.     On or about July 2021 and August 2021, regarding two discrete and distinct Document Review Projects, Defendants has retaliated, harassed, and or discriminated against Plaintiff.

55.     Regarding a Document Review project on or about July 2021, Nithya Chandar, **AVP, Global HR**, a policymaker/decision-maker for Defendants agreed to a meeting and interview with Plaintiff, caused Plaintiff to forgo other tasks during the agreed to time, and thereafter cancelled her scheduled meeting without providing any basis.

56.     Defendants denied Plaintiff placement on the Document Review project.

57.     Regarding another Document Review project on or about August 2021, Defendants forwarded a question to Plaintiff regarding the project—more likely than not—with the intent to use the interrogatory as a tool to further discriminate, harass, and retaliate against Plaintiff.

58.     Defendants—yet again—discriminated, harassed, and retaliated against Plaintiff.

59.     Lastly, 42 U.S.C. 1981 provides a four (4) year statute of limitations for Plaintiff's complaint of discrimination, ageism, harassment, retaliation, etc. against Defendants.  Plaintiff intends to bring a full and complete civil lawsuit against Defendants for its violations of Title VII and 42 U.S.C. 1981 (as well as any other statutes).

<u>**Right to Sue Letter from EEOC**</u>

60.     The foregoing paragraphs above are realleged and incorporated in their entirety by reference as though fully set forth herein.

61.     On are about 27 August 2021, Plaintiff received a "Notice Of Suit Rights" from the EEOC. *See* EXHIBIT B – a copy of the EEOC's "Notice Of Suit Rights" Letter to Plaintiff.

The Plaintiff respectfully requests discovery and a trial by jury.

**Count One**
**(Discrimination Based on Race against Cobra Legal Solutions LLC under Title VII)**

62.     The foregoing paragraphs above are realleged and incorporated in their entirety by reference as though fully set forth herein.

63.     On information and belief, Cobra Legal Solutions LLC via and its agents discriminated against Plaintiff Gregory Royal based on his race.

64.     On information and belief, Plaintiff Gregory Royal was unlawfully denied equal employment opportunities and consideration—*i.e.*, denied an opportunity to even apply for a document review project—because he had engaged in activities protected under Title VII such as engaging in Title VII opposition conduct against Integreon, Inc. et al., and reporting and complaining about discrimination and retaliation by Cobra Legal Solutions LLC 's agents.

65.     On information and belief, Plaintiff Gregory Royal was treated differently than Whites and non-African Americans.

**Count Two**
**(Harassment Based on Race against Cobra Legal Solutions LLC under Title VII)**

66.     The foregoing paragraphs above are realleged and incorporated in their entirety by reference as though fully set forth herein.

67.     On information and belief, Cobra Legal Solutions LLC via and its named agents harassed Plaintiff Gregory Royal by spreading false and negative gossip to defame his throughout Cobra Legal Solutions.

68.     At all times material, plaintiff Gregory Royal did not consent to said harassment and found the actions to be unwelcomed, intimidating, and offensive.

69.     At all times material, plaintiff Gregory Royal found said harassment to be severe and extreme

11
The Plaintiff respectfully requests discovery and a trial by jury.

70.     At all times material, an objective person having a reasonable mind would find the harassment to be severe and extreme.

71.     At all times material, there was a causal connection between the harassment and the adverse action caused to plaintiff Gregory Royal by Cobra Legal Solutions LLC via and by its agents.

**Count Three**
**(Retaliation Based on Race against Cobra Legal Solutions LLC under Title VII)**

72.     The foregoing paragraphs above are realleged and incorporated in their entirety by reference as though fully set forth herein.

73.     Plaintiff Gregory Royal engaged in protected activity by reporting discrimination, retaliation, and harassment and complaining that he was being discriminated against because of his prior Title VII opposition conduct his race.

74.     Plaintiff Gregory Royal was unlawfully denied equal employment opportunities and consideration—i.e., denied an opportunity to even apply for a document review project—because he had engaged in protected activity under Title VII.

75.     At all times material, there was a causal connection between the retaliation and the adverse action caused to plaintiff Gregory Royal by Cobra Legal Solutions LLC and its agents.

**Count Four**
**(Discrimination Based on Race against Paula Diaz under Title VII)**

76.     The foregoing paragraphs above are realleged and incorporated in their entirety by reference as though fully set forth herein.

77.     On information and belief, Paula Diaz discriminated against Plaintiff Gregory Royal based on his race.

78.     On information and belief, Plaintiff Gregory Royal was unlawfully denied equal employment opportunities and consideration—i.e., denied an opportunity to even apply for a

The Plaintiff respectfully requests discovery and a trial by jury.

document review project—because he had engaged in activities protected under Title VII such as engaging in Title VII opposition conduct against Integreon, Inc. et al., and reporting and complaining about discrimination and retaliation by Cobra Legal Solutions LLC 's agents.

79.     On information and belief, Plaintiff Gregory Royal was treated differently than Whites and non-African Americans.

### Count Five
### (Harassment Based on Race against Paula Diaz under Title VII)

80.     The foregoing paragraphs above are realleged and incorporated in their entirety by reference as though fully set forth herein.

81.     On information and belief, Paula Diaz harassed Plaintiff Gregory Royal by spreading false and negative gossip to defame his throughout Cobra Legal Solutions.

82.     At all times material, plaintiff Gregory Royal did not consent to said harassment and found the actions to be unwelcomed, intimidating, and offensive.

83.     At all times material, plaintiff Gregory Royal found said harassment to be severe and extreme

84.     At all times material, an objective person having a reasonable mind would find the harassment to be severe and extreme.

85.     At all times material, there was a causal connection between the harassment and the adverse action caused to plaintiff Gregory Royal by Paula Diaz.

### Count Six
### (Retaliation Based on Race against Paula Diaz under Title VII)

86.     The foregoing paragraphs above are realleged and incorporated in their entirety by reference as though fully set forth herein.

The Plaintiff respectfully requests discovery and a trial by jury.

87.     Plaintiff Gregory Royal engaged in protected activity by reporting harassment, discrimination, retaliation, and complaining that he was being discriminated against because of his prior Title VII opposition conduct and his race.

88.     Plaintiff Gregory Royal was unlawfully denied equal employment opportunities and consideration—*i.e.*, denied an opportunity to even apply for a document review project—because he had engaged in protected activity under Title VII.

89.     At all times material, there was a causal connection between the retaliation and the adverse action caused to plaintiff Gregory Royal by Paula Diaz.

## Count Seven
### (Defamation *Per Se* Against Cobra Legal Solutions, Personally and Individually)

90.     The foregoing paragraphs above are realleged and incorporated in their entirety by reference as though fully set forth herein.

91.     Agents—*i.e.* cat's paws—acting on behalf of and at the direction of Cobra Legal Solutions made statements he, she, or they knew to be false at the time he, she, or they made them to other agents of Cobra Legal Solutions, EEOC, and the EEOC arbitrator.

92.     Because of Cobra Legal Solutions' untrue statements, Defendants unlawfully denied Plaintiff equal employment opportunities and consideration—*i.e.*, denied Plaintiff an opportunity to even apply for a document review project—because he had fired Plaintiff unlawfully.

93.     Plaintiff Gregory Royal has suffered economic losses as well as emotional and mental distress and physical sickness including depression.

## Count Eight
### (Defamation *Per Se* Against Paula Diaz, Personally and Individually)

94.     The foregoing paragraphs above are realleged and incorporated in their entirety by reference as though fully set forth herein.

The Plaintiff respectfully requests discovery and a trial by jury.

95.     At all times material, Paula Diaz acted as an individual and as a cat's paw—on behalf of an at the direction of Cobra Legal Solutions—when she made statements that she knew to be false at the time she made them to other agents of Cobra Legal Solutions, EEOC, and the EEOC arbitrator.

96.     Because of Paula Diaz's untrue statements, Defendants unlawfully denied Plaintiff equal employment opportunities and consideration—i.e., denied Plaintiff an opportunity to even apply for a document review project—because he had fired Plaintiff unlawfully.

97.     Plaintiff Gregory Royal has suffered economic losses as well as emotional and mental distress and physical sickness including depression.

**Count Nine**
**(IIED against Cobra Legal Solutions, Personally and Individually)**

98.     The foregoing paragraphs above are realleged and incorporated in their entirety by reference as though fully set forth herein.

99.     Cobra Legal Solutions—via its cat's paw(s), decision-makers, and agents—intended its untrue statements to cause Plaintiff Gregory Royal severe, extreme, and outrageous emotional, mental, and physical sickness and illness.

100.    Cobra Legal Solutions—via its cat's paw(s), decision-makers, and agents—made untrue statements to intimidate and cause fear in Plaintiff Gregory Royal so he would not file his Title VII complaint against Cobra Legal Solutions.

101.    Cobra Legal Solutions—via its cat's paw(s), decision-makers, and agents—acted intentionally and/or recklessly because it did not investigate and actually review all facts, evidence, documents, logs, and records before making its untrue statements against Plaintiff.

The Plaintiff respectfully requests discovery and a trial by jury.

102.    The conduct of Cobra Legal Solutions—via its cat's paw(s), decision-makers, and agents—constitutes extreme and outrageous conduct on part of a regional manager for a corporation.

103.    Cobra Legal Solutions' conduct directly and proximately caused Plaintiff Gregory Royal to suffer emotional, mental, and physical distress.

104.    Cobra Legal Solutions' also directly and proximately caused Plaintiff Gregory Royal to suffer depression, insomnia, and nausea on a nightly basis.

### Count Ten
### (IIED against Paula Diaz, Personally and Individually)

105.    The foregoing paragraphs above are realleged and incorporated in their entirety by reference as though fully set forth herein.

106.    Paula Diaz intended her untrue statements to cause Plaintiff Gregory Royal emotional, mental, and physical sickness and illness.

107.    She made untrue statements to intimidate and cause fear in Plaintiff Gregory Royal so he would not file his Title VII complaint against Cobra Legal Solutions.

108.    Paula Diaz acted intentionally and/or recklessly because she did not investigate and actually review all facts, evidence, documents, logs, and records before making his untrue statements.

109.    Paula Diaz's conduct constitutes extreme and outrageous conduct on part of a Human Resources representative for a corporation.

110.    Paula Diaz's extreme and outrageous conduct directly and proximately caused Plaintiff Gregory Royal to suffer severe emotional, mental, and physical distress.

111.    Paula Diaz's also directly and proximately caused Plaintiff Gregory Royal to suffer depression, insomnia, and nausea on a nightly basis.

The Plaintiff respectfully requests discovery and a trial by jury.

**Count Eleven**
**(Discrimination Based on Race against Cobra Legal Solutions LLC under 42 U.S.C.**
**§ 1981)**

112.   The foregoing paragraphs above are realleged and incorporated in their entirety by reference as though fully set forth herein.

**Count Twelve**
**(Harassment Based on Race against Cobra Legal Solutions LLC under 42 U.S.C. § 1981)**

113.   The foregoing paragraphs above are realleged and incorporated in their entirety by reference as though fully set forth herein.

**Count Thirteen**
**(Retaliation Based on Race against Cobra Legal Solutions LLC under 42 U.S.C. § 1981)**

114.   The foregoing paragraphs above are realleged and incorporated in their entirety by reference as though fully set forth herein.

115.   Plaintiff Gregory Royal engaged in protected activity by reporting harassment, discrimination, retaliation, and complaining that he was being discriminated against because of his prior Title VII opposition conduct and his race.

**Count Fourteen**
**(Discrimination Based on Race against Paula Diaz under 42 U.S.C. § 1981)**

116.   The foregoing paragraphs above are realleged and incorporated in their entirety by reference as though fully set forth herein.

**Count Fifteen**
**(Harassment Based on Race against Paula Diaz under 42 U.S.C. § 1981)**

117.   The foregoing paragraphs above are realleged and incorporated in their entirety by reference as though fully set forth herein.

**Count Sixteen**
**(Retaliation Based on Race against Paula Diaz under 42 U.S.C. § 1981)**

The Plaintiff respectfully requests discovery and a trial by jury.

118.    The foregoing paragraphs above are realleged and incorporated in their entirety by reference as though fully set forth herein.

119.    Plaintiff Gregory Royal engaged in protected activity by reporting harassment, discrimination, retaliation, and complaining that he was being discriminated against because of his prior Title VII opposition conduct and his race.

**JURY DEMAND
AND
<u>DISCOVERY REQUEST</u>**

**Respectfully, Plaintiff Gregory Royal requests discovery and a trial by jury.**

WHEREFORE, the Plaintiff Gregory Royal prays that this Honorable Court award him:

(a)      the sum of **$500,000.00** to be awarded against Cobra Legal Solutions LLC and Paula Diaz—**jointly, severally, and or individually**—in compensatory damages of loss salary, emotional, mental, and physical distress and injuries suffered because of the discrimination, harassment, hostile environment, and/or retaliation against her in violation of Title VII;

(b)      the sum of **$500,000.00** to be awarded against Cobra Legal Solutions LLC and Paula Diaz—**jointly, severally, and or individually**—in compensatory damages of loss salary, emotional, mental, and physical distress and injuries suffered because of the discrimination, harassment, hostile environment, and/or retaliation against her in violation of 42 U.S.C. § 1981;

(c)      punitive damages to be awarded against Cobra Legal Solutions LLC and Paula Diaz—jointly, severally, and or individually—as a multiple factor of 2x, 3x, 4x, 5x, 6x, 7x, 8x, or 9x times the amount of the compensatory damages to be determined by a jury to deter such future misconduct;

(d)      judgement against any individual agent of Cobra Legal Solutions LLC, under a theory of vicariously liability, *respondeat-superior* liability, agency theory, or the like;

18
The Plaintiff respectfully requests discovery and a trial by jury.

(e)     costs and reasonable attorneys' fees incurred with this lawsuit with interest

thereon; and

(f)     other damages and further relief as deemed just and proper.

**I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America (28 U.S.C. § 1746), and laws of the state of Texas, that the foregoing is true and correct.**

Executed on: **29 November 2021**

Gregory Royal, plaintiff, *pro se*

Respectfully submitted,

Gregory Royal, *pro se*
Plaintiff
8100 N. Mopac Expy., Apt. 277
Austin, Texas 78759
(240)532-1786

19
The Plaintiff respectfully requests discovery and a trial by jury.

GROUP EXHIBIT A

**EEOC CHARGE: 451-2021-00523**
**GREGORY A. ROYAL V. COBRA LEGAL SOLUTIONS, LLC**

I.   **Title VII Protected Complainant's Opposing Respondent's Discrimination and Retaliation Via Voicemail(s) and Complainant's Race and Age were Discoverable/Verifiable Via the World Wide Web at All Times Material, after Complainant Revealed His Age and Race to Decision-Maker Paula Diaz on or about September 2019**

Put under the proper lens of the goals, spirit, and protections of Title VII, Respondent's position and argument only shows and proves that Respondent has and continues to retaliate against Complainant for having engaged in opposition conduct that is protected under Title VII at all times material. Racism, racial discrimination, and retaliation in employment matters must be gleaned from the facts and temporal events surrounding the controversy.[1]

Moreover, appreciation must be given to the fact that for Electronic Discovery Document Review (Document Review), candidates are not competing for one or a few (at most positions). Document Review projects often require a plurality of document reviewers (often attorneys but sometimes attorneys and law students having a JD degree). The plurality of document reviewers often ranges from 20 to 50 or more positions and persons.

Respondent attempts to mislead and defraud the EEOC into a mistaken belief that Complainant competed for a single position (**"one of these positions"**) or a few positions at a maximum for a single Document Review project—which is absolutely dishonest and false. At all times material, the Document Review projects that Respondent denied Complainant's job

---

[1] Respondent has not refuted the temporal events and facts showing and proving Respondent's first discrimination and retaliation and subsequent deliberate indifference. Ineffectively, Respondent puts a buggy before a horse, which is refuted by facts and reason that show and prove—at least—Respondent has and continues to retaliate against Complainant based on Complaint's Title VII opposition conduct.

applications (his resume) equal employment opportunities and consideration require a plurality of document reviewers in number from 20 to and greater than 50 reviewers.

Respondent repeatedly denied Complainant's job applications (his resume) equal employment opportunities by refusing to forward Complainant's resume to Respondent's client law firms for consideration and selection. The hiring and selection process for electronic document review often works by Respondent first selecting candidates and thereafter submitting the selected candidates to the law firm or law firms for a final approval for placement on the Document Review project.

At all times material, Complainant possessed greater than three (3) years of Document Review experience, and he possessed job qualifications and experience far greater than a minimum of 90 percent of candidates selected over Complainant because he possessed legal and technical experience within the project's and legal dispute's field or industry. But the Respondent was motivated by its racist animus and intent to retaliate and punish Complainant as a reprisal for his Title VII opposition conduct.

Further, job applications/resumes are not repeatedly sent by job candidates to the Respondent after a first or initial resume is provided. Instead, Respondent places the potential Document Review candidates into its notification pool (email list). Any candidate who is available for a project may send an email to Respondent notifying it that he or she is available for Document Review project work. If a Document Review project requires electronic document reviewers, Respondent notifies the candidate of his or her upcoming placement and start date.

Alternatively, more often, the Respondent sends out a mass email to the plurality of candidates previous placed into its notification pool (or email list) requesting that whoever is available for project work responds. Respondent discriminated against Complainant by failing to

place him into its notification pool (or email list) or removing him from the same. Respondent forced Complainant to learn about upcoming Document Review projects from others whom the Respondent sent Document Review project availability. In response to Complainant sending Respondent notice of his availability, Respondent chose to remain deliberately indifferent to Complainant's email and telephone communications. Respondent's repeated deliberate indifference and discrimination and retaliation forced Complainant to make and leave the voicemail, which Respondent attempts to misrepresent and mischaracterize to cheat and defraud the EEOC.

A.     **Respondent's Evidence of a Voicemail Left by Complainant to Respondent's Agent Demonstrates that Respondent Had Denied Complaint Job Positions Prior to Complainant's Voicemail—a Lawful Conduct**

Respondent admits that it retaliated and continues to retaliate against Complainant based on his opposition conduct of a voicemail which is protected by Title VII at all times material. Title VII protects conduct opposing retaliation or discrimination in employment that is not unlawful. *McDonnell Douglas v. Green* (citation omitted). Because Complainant's voicemail opposing Respondent repeatedly denying him job selections for multiple projects **was at all times material lawful**, Respondent denying Complainant job selections—repeatedly—after the voicemail constitutes retaliation and or discrimination which is a Title VII violation.

An ordinary person having a reasonable mind would easily discern that the motivation for Complainant having made and left such a voicemail is his frustration with having repeatedly been (1) denied for Document Review projects and (2) deliberately ignored after his attempts for communication by the Respondent. The voicemail is not to considered and viewed in a vacuum, as Respondent argues. At the very least, the voicemail shows and proves two relevant facts (1) the voicemail comprises Complainant's Title VII opposition conduct against the Respondent's

discrimination and retaliation, and (2) Respondent has admitted that it has retaliated and discriminated against Complainant based on his lawful opposition conduct—*i.e.* voicemail— which is protected by Title VII, at all times material.

Even if Complainant is or was wrong in his charge that Respondent discriminated and retaliated against him prior to his voicemail, Title VII prohibits Respondent from taking adverse action or retaliating against Complainant. (Citation omitted).  Respondent, however, via its position statement has admitted—indirectly—that it has and continues to discriminate against Complainant.

> **B.      Respondent's Arguments that It Did Not and Could Not Have Known Complainant's Race and Age are Out of Touch with Today's Social Media Culture, and Respondent's Agents Knew Complainant's Race and Age Prior to Denying Complainant's Job Applications Equal Employment Opportunities and Consideration because Complainant Revealed His Race and Age to Paula Diaz on or about September 2019**

During the 2019 telephone interview between Respondent's decision-maker Paula Diaz and Complainant, as Complainant disclosed his prior work history to Ms. Diaz, Complainant also disclosed his age and race to Ms. Diaz.  Moreover, Respondent's argument that it could not have known Royal's race and age **is absurd, false, and out of touch** with today's social media culture.  Ordinary persons having reasonable minds would likely find that Respondent's agents simply searched the World Wide Web (WWW) for Complainant's full name to discover his race and age prior to Respondent denying him the job selections.  Evidence of this reasonable conclusion is that Respondent deceitfully failed to provide any reasonable basis for— repeatedly—denying Complainant placements on electronic Document Review projects. Regarding the—purported—relevant time period of March 1, 2020 through March 31, 2020, Complainant's voicemail comprising his Title VII opposition conduct shows and proves (1) Respondent's retaliation against Complainant's opposing its Title VII violations, and (2)

provided Respondent with Complainant's race and age as a basis of its Title VII violations and Complaint's opposition conduct.[2]  Respondent should not be allowed to purport that it was not aware of Complainant's race and age in light of Complainant's voicemail, which the ordinary person would likely find provoked Respondent's agents to search the WWW for Complainant's race and age.

**II.      Respondent's Ms. Diaz Interviewed Royal Via a Telephone Interview, the Respondent and Its Attorney Deceitfully and Deliberately Misrepresents this Truth, and Respondent Cannot and Has Failed to Show and Prove that Complainant Did Not Have a "Reasonable Belief" that Respondent Denying Him Job Placements Violated Title VII**

SCOTUS case precedent—*McDonnell Douglas v. Green* (citation omitted)—controls that the Respondent cannot discriminate or retaliate against Complainant for his voicemails, because his voicemails are not unlawful.  Section 704(a) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a), in pertinent part provides, "It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment . . . because he has opposed any practice made an unlawful employment practice by this subchapter. . . ." *McDonnell Douglas v. Green* (citation omitted).  Being disingenuous if not deceitful, Respondent admits that **Complainant left multiple voicemails at different times** but has submitted only one voicemail—only the one that purportedly supports the Respondent. Respondent should be compelled to submit all voicemails left by Complainant to Ms. Diaz.

The Thu 9/5/2019 2:19 PM email shows and proves that Respondent, its decision-maker Paul Diaz, and its counsel Steven H. Garrett, Boulette Golden & Marin L.L.P. act with

---

[2]  Respondent attempts to characterize **the tone** of Complainant's voicemail as a—purported— basis for it denying Complainant placement on the Document Review projects **repeatedly**.  But Title VII protects Complainant's voicemail as proper opposition conduct because **Complainant's voicemail is not unlawful**. *See McDonnell Douglas v. Green* (citation omitted).

discriminatory animus to be disingenuous—if not extremely deceitful and dishonest. Absolutely, there was an interview between Paula Diaz and Complainant wherein he informed Ms. Diaz of his race as an African American and age. Complainant did so to explain his work history and to provide Ms. Diaz with a complete and full appreciation of his work ethic and character. Prior to the relevant time period and Respondent's denying Complainant job placement on the Document Review project, Complainant left multiple voicemails for Ms. Diaz, but she remained deliberately indifferent to Complainant's voicemails. Ms. Diaz chose to ignore Complainant's attempts to conference with her regarding upcoming Document Review projects and Respondent's repeated non-selections albeit Complainant was very well qualified for the projects. Respondent via Ms. Diaz refused to submit Complainant's resume to its law firm clients—repeatedly.

Disparate Treatment: Respondent's unlawful hiring process comprises its disparate treatment between non-Blacks and Blacks by hiring White and non-Blacks who were—at all times—material less qualified than Complainant. Choosing to discriminate and retaliate against Complainant, Respondent staffed Whites and non-Blacks who possessed less document experience and who possessed background outside of the industry and fields of the legal dispute of the Document Review project.

Further, Respondent chose to discriminate against Complainant via exclusion by requiring electronic document reviewers to possess a Texas Bar license. Respondent hired law students having a J.D. degree who were not licensed to practice law in any jurisdiction or state, but Respondent did not offer not hire Complainant for the same job(s).

**III.**   **On or about July 2021 and August 2021, Respondent Continued Its Discrimination, Harassment, and Retaliation against Complainant**

On or about July 2021 and August 2021, regarding two discrete and distinct Document Review Projects, Respondent has retaliated, harassed, and or discriminated against Complainant. Regarding a Document Review project on or about July 2021, Nithya Chandar, **AVP, Global HR**, a policymaker/decision-maker for Respondent agreed to a meeting and interview with Complainant, caused Complainant to forgo other tasks during the agreed to time, and thereafter cancelled her scheduled meeting without providing any basis.  Respondent denied Complainant placement on the Document Review project.  Regarding another Document Review project on or about August 2021, Respondent forwarded a question to Complainant regarding the project—more likely than not—with the intent to use the interrogatory as a tool to further discriminate, harass, and retaliate against Complainant.  Respondent—yet again—discriminated, harassed, and retaliated against Complainant.

Lastly, 42 U.S.C. 1981 provides a four (4) year statute of limitations for Complainant's complaint of discrimination, ageism, harassment, retaliation, etc. against Respondent. Complainant intends to bring a full and complete civil lawsuit against Respondent for its violations of Title VII and 42 U.S.C. 1981 (as well as any other statutes).

WHEREFORE, Complainant, Gregory A. Royal, *pro se*, asks the EEOC San Antonio Field Office to accept and prosecute his EEOC complaint with a degree of expediency, or to issue him a Right to Sue Letter in short time.[3]

Respectfully,

/s/ *Gregory Allen Royal*
Gregory Allen Royal

---

[3] Complainant is still unemployed while the Respondent continues to hire non-Blacks who are less qualified for Document Review projects over the Complainant, repeatedly denies Complainant job selections by failing to forward his resume to its law firm clients.

Gregory Allen Royal
8100 N. Mopac Expy.
#277
Austin, Texas 78759
gregorysgrace@yahoo.com
(737)808-6700