# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| GREGORY ROYAL,<br>*Plaintiff* | §<br>§<br>§ | |
| v. | §<br>§ | Case No. 1:21-cv-01079-LY-SH |
| COBRA LEGAL SOLUTIONS LLC<br>and PAULA DIAZ,<br>*Defendants* | §<br>§<br>§<br>§ | |

## ORDER

Before the Court are Plaintiff Gregory Royal's Complaint (Dkt. 1) and Application to Proceed In District Court Without Prepaying Fees or Costs (Dkt. 2), both filed November 29, 2021. The District Court referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and the Court Docket Management Standing Order for United States District Judge Lee Yeakel. Dkt. 3.

### I. Motion to Proceed *In Forma Pauperis*

Plaintiff, who is proceeding *pro se*, seeks leave to file his Complaint without having to pay the filing fee. After reviewing his Application and financial affidavit in support, the Court finds that Plaintiff is indigent and hereby **GRANTS** Plaintiff *in forma pauperis* status. This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff is advised that although he has been granted leave to proceed *in forma pauperis*, the Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Jennings v. Towers Watson*, 11 F.4th 335, 345 (5th Cir. 2021) (quoting 28 U.S.C. § 1915(f)(1)).

## II.  Section 1915(e)(2) Frivolousness Review

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under § 1915(e)(2). A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

### A.  Standard of Review

Pro se complaints are liberally construed in favor of the plaintiff. *Fed. Exp. Corp. v. Holowecki*, 552 U.S. 389, 402 (2008). The Court must "accept as true the allegations of the complaint, together with any reasonable inferences that may be drawn therefrom." *Ryland v. Shapiro*, 708 F.2d 967, 969 (5th Cir. 1983). In deciding whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A plaintiff's pro se status, however, does not offer him an "impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Anderson v. Wells Fargo Bank, N.A.*, 953 F.3d 311, 315 (5th Cir. 2020) (citation omitted).

### B. Analysis

Plaintiff alleges that he sought work as a document reviewer, but Defendants Cobra Legal Solutions, LLC and Paula Diaz discriminated against him in hiring "because of his prior Title VII opposition conduct and African American/Black race." Dkt. 1 ¶ 19. Plaintiff alleges claims of discrimination, harassment, and retaliation based on race under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981, as well as defamation and intentional infliction of emotional distress. Plaintiff filed with his complaint a right-to-sue letter from the Equal Employment Opportunity Commission dated August 27, 2021. Dkt. 1-2 at 38-39.

Title VII prohibits discrimination by employers based on an individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). To support a disparate treatment claim under Title VII, a plaintiff must plead two ultimate elements: (1) an adverse employment action, (2) taken against a plaintiff because of his protected status. *Olivarez v. T-mobile USA, Inc.*, 997 F.3d 595, 599-600 (5th Cir. 2021). Here, Plaintiff pleads both ultimate elements by alleging, *inter alia*, that Defendants removed him from a job notice mailing list because of his African American/Black race. Dkt. 1 ¶¶ 18-19.

The Court finds that Plaintiff's allegations are sufficient at this stage of the case to avoid dismissal for frivolousness under 28 U.S.C. § 1915(e)(2)(B). Accordingly, the undersigned does not recommend that the District Court dismiss this case under Section 1915(e)(2)(B).

### III.   Conclusion

The Court **HEREBY GRANTS** Plaintiff's Application to Proceed In District Court Without Prepaying Fees or Costs (Dkt. 2) and **ORDERS** his Complaint to be filed without prepayment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a)(1).

The Court **FURTHER ORDERS** that the Clerk issue summons and **ORDERS** the United States Marshals Service to attempt service in this case without pre-payment of a service fee.

It is **FURTHER ORDERED** that the Clerk **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Lee Yeakel.

**SIGNED** on September 20, 2022.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE